UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TEHKI S. BILL,

                  Plaintiff,

  v.

J. HENLEY, et al.,

                  Defendants.

Case No. 2:24-cv-02176-GMN-BNW

ORDER

      The Court entered an order screening Plaintiff's civil-rights complaint on June 13, 2025. (ECF No. 9). The screening order imposed a 90-day stay and referred this case to the Court's Inmate Early Mediation Program. (*Id.* at 10). The screening order also provided that either party could file a motion to exclude the case from mediation and that the responding party would have 7 days to file a response. (*Id.* at 11).

      On July 23, 2025, the Office of the Attorney General filed a motion seeking to exclude this case from mediation. (ECF No. 12). The motion states that the parties participated in a mediation conference for three of Plaintiff's other cases on July 10, 2025. (*Id.* at 2). At that mediation conference, they also discussed this case. (*Id.*) The mediation conference was not successful, and the Defendants do not believe that another mediation conference would be beneficial. (*Id.*) Plaintiff has not filed a response.

      The District of Nevada established the Inmate Early Mediation Program to attempt to save resources by referring the parties in some prisoner civil-rights cases to mediation. Of course, defendants in such cases have the right not to make any settlement offers, and plaintiffs have the right not to accept settlement offers. And the court may choose not to refer a case to mediation to preserve limited judicial resources. Given the Court's limited resources, and the fact that these parties have recently engaged in a mediation conference, the Court has determined that it would not be a productive use of the Court's resources to set this case for a mediation session.

For the foregoing reasons, **IT IS ORDERED** that:

1. This case will be excluded from the Court's Inmate Early Mediation Program and put back on a standard litigation track.

2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

3. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

4. Pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Tehki S. Bill, #1243884** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

5. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 10) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

6. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

7. Subject to the findings of the screening order (ECF No. 9), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it

accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

8. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

9. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 10) within sixty (60) days from the date of this order.

10. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge,

magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

11. This case is no longer stayed.

DATED: July 31, 2025

_____
UNITED STATES MAGISTRATE JUDGE

4